FILED

MAR 2 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND<br>1750 New York Avenue, N.W.<br>Washington, DC 20006-5387 | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 1:07-cv-01906 (JR) |
| v. | ) |
| DEWAYNE CUSTOM PAINTING, INC.<br>a/k/a Custom Painting | )<br>)<br>) |
| and | ) |
| DEWAYNE BRAITHWAITE, individually and<br>d/b/a Dewayne Custom Painting, Inc.<br>a/k/a Custom Painting | )<br>)<br>) |
| Defendants. | ) |

## ORDER AND JUDGMENT BY DEFAULT AGAINST DEFENDANT, DEWAYNE CUSTOM PAINTING, INC. AND DEWAYNE BRAITHWAITE

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund," "Pension Fund" or "Plaintiff"), it appears to the Court that Defendants, Dewayne Custom Painting, Inc. a/k/a Custom Painting ("Company") and Dewayne Braithwaite d/b/a Dewayne Custom Painting, Inc. a/k/a Custom Painting ("Braithwaite," and together with Company, "Defendants") have willfully failed to appear, plead or otherwise defend this action, and it is ORDERED:

1. Plaintiff's Motion is **GRANTED**;

2. Judgment is entered against Company and in favor of Plaintiff in the total amount of $11,076.74 itemized as follows:

191755-1

(a) Unpaid contributions for the period of September 2006 through May 2007 in the amount of $5,946.00 under 29 U.S.C. § 1132(g)(2)(A);

(b) Interest from the date contributions became due through March 15, 2008 in the amount of $438.41;

(d) Liquidated damages in the amount of $1,189.20, as provided for under 29 U.S.C. § 1132(g)(2)(C). (As indicated above, Defendants owe $5,946.00 in unpaid contributions. Twenty percent (20%) of this amount is $1,189.20. The total amount of liquidated damages is greater than the interest due. Therefore, Defendants owes liquidated damages in the amount of $1,189.20).

(e) Attorneys' fees and costs in the amount of $3,503.13 incurred by Plaintiff through March 7, 2008 as provided in 29 U.S.C. § 1132(g)(2)(D).

3. Defendants, its owners, officers, agents, servants, attorneys and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which Defendants are obligated to do so under its collective bargaining agreement(s).

4. If further action by the Pension Fund is required to obtain payment of the amounts owed by Defendants, it may apply to this Court or to the court in which enforcement is sought, for such further reasonable attorneys' fees and costs in addition to those set out in Paragraph 2(d) above. See Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004)

(citing <u>Free v. Briody</u>, 793 F.2d 807 (7th Cir. 1986); <u>Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co.</u>, 867 F.2d 852 (10th Cir. 1989)).

5.  Within twenty (20) days of the entry of this Order, Defendants shall fully and accurately complete and submit to the Plaintiff any and all outstanding remittance reports, including but not limited to reports and contributions for the period September 2006 through May 2007, together with a check for the full amount due and owing, including unpaid contributions, interest, liquidated damages and attorney's fees and costs.

6.  Plaintiff shall have the right to conduct future audits for all relevant periods, including the time periods covered by this judgment. Defendants shall be and hereby is restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by Plaintiff and shall produce all payroll books and related records requested by Plaintiff, including, but not limited to, payroll, wages, general ledger and cash disbursement records, compensation insurance audits and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to Plaintiff. Defendants shall pay Plaintiff any additional amounts found owing, plus such other amounts as set forth in the Agreement, the Agreement and Declaration of Trust of the Pension Fund, the International Painters and Allied Trades Industry Pension Plan, ERISA or any other applicable law.

7.  If additional delinquencies are discovered pursuant to the submission of the remittance reports or to the audit referred to above, or as a result of additional information that becomes available to the Plaintiff, the Plaintiff may apply to the Court for an additional or supplemental judgment reflecting any additional delinquencies, interest, liquidated damages,

attorneys' fees and costs, pursuant to ERISA, 29 U.S.C. § 1132(g)(2) together with any audit costs incurred by the Plaintiff.

9. Plaintiff is awarded reimbursement of all additional attorneys' fees and costs it incurs in the collection and enforcement of this judgment as well as those incurred in the collection of delinquent contributions which may be found to be due as a result of the audit provided for in this Order.

10. If Defendants fails to comply with any of the terms of this Order, the Plaintiff may, in addition to pursuing the remedies provided for under Federal Rule of Civil Procedure 69, reopen this case upon motion to the Court and notice to the Defendants, and may at that time ask for further appropriate monetary and/or injunctive relief.

James Robertson
United States District Judge

Date: 3/19/08

Copies of this Default Judgment shall be sent to:

Jennifer L. Hope, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683

Dewayne Custom Painting
6770 Glen Albin Rd.
LaPlata, MD 20646

Dewayne Braithwaite
6770 Glen Albin Rd.
LaPlata, MD 20646